UNITED STATES of America, Plaintiff–Appellee,

v.

Jeramy David COFFEE, Defendant–Appellant.

No. 03–4434.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

Nelson S.T. Thayer, Jr., U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Aaron G. Durden, Dayton, OH, for Defendant–Appellant.

Before SUTTON and COOK, Circuit Judges; and ALDRICH, District Judge.[*]

### ORDER

Jeramy David Coffee, proceeding through counsel, appeals a district court order imposing additional restitution. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In October 2002, Coffee pleaded guilty to conspiring to commit wire and mail fraud from July 1995 to June 1999 by fraudulently selling used aircraft antennae in violation of 18 U.S.C. § 371. The presentence investigation report noted that Support Air, Inc. had suffered a loss of $2,800 as a victim of the conspiracy and that Key Bank may have been a victim when Coffee withdrew funds from an account on December 18, 1996. Coffee objected, denying that he had caused a loss to Key Bank. At sentencing, the district court sentenced Coffee to 3 years of probation and $2,800 in restitution, but reserved judgment as to the loss to Key Bank. After supplemental briefing, the district court ordered Coffee to pay an additional $13,102.35 in restitution to Key Bank.

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

On appeal, Coffee contends that the additional restitution was improper because Key Bank was not a victim of the conspiracy and because the amount was based on information obtained after he pleaded guilty.

This court reviews de novo whether a restitution order is legally permissible. *United States v. Hoglund,* 178 F.3d 410, 413 (6th Cir.1999). If a restitution order is appropriate, the amount of restitution will not be disturbed unless the district court abused its discretion. *Id.*

Upon review, we conclude that the district court did not err by ordering additional restitution.

■ The district court properly concluded that Key Bank was a victim. At the time Coffee's conspiracy began, federal law provided that "[f]or the purposes of restitution, a victim of an offense that involves as an element of a scheme, a conspiracy, or a pattern of criminal activity means any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663(a)(2) (Supp.1995). Thus, restitution is authorized for all losses attributable to Coffee's scheme to fraudulently sell used aircraft antennae. *See United States v. Jewett,* 978 F.2d 248, 252 (6th Cir.1992). Restitution is not confined to harm caused by the particular offense of conviction.

The loss suffered by Key Bank is attributable to Coffee's scheme to fraudulently sell used aircraft antennae. According to the presentence investigation report, an undercover officer gave Bradley and Jeramy Coffee a check for $14,850 in a controlled buy of aircraft equipment. Bradley Coffee deposited the check into a Key Bank account. Although undercover agents thereafter informed them that a stop payment order was placed on the check, Jeramy Coffee wrote a check for cash in the amount of $14,500, leaving the account overdrawn by $13,137.85. Jeramy Coffee did not challenge these facts at sentencing. Accordingly, the district court properly determined that, minus the assessment of bank fees, restitution was due to Key Bank in the amount of $13,102.35. There was no error in this regard.

■ The district court did not err by ordering restitution based on information obtained after Coffee pleaded guilty. Pursuant to 18 U.S.C. § 3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Furthermore, Coffee's plea agreement did not contain a provision capping the amount of restitution the district court could order. *See* 18 U.S.C. § 3663(a)(3). Rather, the plea agreement provided that the amount of loss attributable to Coffee for purposes of determining his offense level was between $10,000 and $30,000. Although this provision did not relate to restitution per se, the provision gave Coffee reasonable notice of the potential amount of restitution. The amount of restitution ultimately ordered was squarely in the middle of this range. Federal law does not require that a defendant be informed of the exact amount of restitution at the time of the guilty plea. *United States v. Mason,* No. 99–2124, 2000 WL 876492, at *2 (6th Cir. June 21, 2000) (unpublished).

Accordingly, the district court's judgment is affirmed.